# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaKEITH LeROY McCOY, | Case No. 1:16-cv-01783-BAM (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al, | (ECF No. 1) |
| Defendants. | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff LaKeith LeRo McCoy ("Plaintiff") is a state prisoner proceeding pro se in this action under 42 U.S.C. § 1983. This action was removed to this Court on November 23, 2016 from the Kern County Superior Court. (ECF No. 1.) Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 4.) Plaintiff's complaint is currently before the Court for screening.

### I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

## II.        Plaintiff's Allegations

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.  The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at CCI.  Plaintiff names the CDCR, Tony Chavez, Kim Holland, Anthony Steiber, M. Garikaparthi, and John Keeler, Plaintiff alleges that in March 2012 he was diagnosed as being allergic to eggs.  In summary, Plaintiff alleges that in and throughout 2013, Plaintiff was not given food to accommodate his food allergy and as a result he lost weight and suffered other harms as a result of food deprivation.

## III.        Another Pending Action

On September 16, 2013, Plaintiff filed McCoy v. M. Garkaparthi, et al., No. 1:13-cv-01495-DAD-BAM ("McCoy I").[1]  The complaint filed in McCoy I also complains of food deprivation in and throughout 2013 at CCI.  That claim is now pending following an appeal before the Ninth Circuit Court of Appeals and denial of defendants' motion to dismiss.  See Doc. 19, 48, 49.

## IV.        Discussion

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692–94 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To assess whether a claim is duplicative, courts use the test for claim preclusion.  "Thus,

---

[1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotations and citations omitted).

As discussed above, the complaint in McCoy I is nearly identical to the complaint filed in the instant case. In both cases, Plaintiff raises nearly the same claims, apparently arising out of the same events, involving the same parties, and infringing upon the same rights.

Therefore, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and requested relief do not significantly differ between the two actions.

### V. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed as duplicative within twenty-one (21) days of the date of service of this order. **Failure to comply with this order will result in dismissal of this action, as duplicative, with prejudice.**

IT IS SO ORDERED.

Dated: __**June 13, 2017**__ _____ /s/ *Barbara A. McAuliffe* _____
 UNITED STATES MAGISTRATE JUDGE