# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>            Defendants. | Case No.  1:16-cv-01783-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS DUPLICATIVE<br><br>(ECF Nos. 1, 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

Plaintiff LaKeith LeRoy McCoy ("Plaintiff") is a state prisoner proceeding pro se in this action under 42 U.S.C. § 1983.  This action was removed to this Court on November 23, 2016 from the Kern County Superior Court.  (ECF No. 1.)

On June 13, 2017, the Court screened Plaintiff's complaint and found it duplicative of Plaintiff's prior pending case, <u>McCoy v. M. Garkaparthi, et al.</u>, No. 1:13-cv-01495-DAD-BAM.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court therefore issued an order for Plaintiff to show cause, within twenty-one days after service, why this action should not be dismissed as duplicative.  (ECF No. 5.)  More than twenty-one days have passed and Plaintiff has failed to respond to the show cause order.  Accordingly, the Court will recommend that this

1

1  action be dismissed as duplicative.

### I.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.

### II.  Plaintiff's Allegations

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.  The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at CCI.  Plaintiff names the CDCR, Tony Chavez, Kim Holland, Anthony Steiber, M. Garikaparthi, and John Keeler.  Plaintiff alleges that in March 2012 he was diagnosed as being allergic to eggs.  In summary, Plaintiff alleges that in and throughout 2013, Plaintiff was not given food to accommodate his food allergy and as a result he lost weight and suffered other harms as a result of food deprivation.

### III.  Another Pending Action

On September 16, 2013, Plaintiff filed McCoy v. M. Garkaparthi, et al., No. 1:13-cv-01495-DAD-BAM ("McCoy I").[1]  The complaint filed in McCoy I also complains of food deprivation in and throughout 2013 at CCI.  That claim is now pending following an appeal before the Ninth Circuit Court of Appeals and denial of defendants' motion to dismiss.  See Doc. 19, 48, 49.

### IV.  Discussion

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated

---

[1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

2

1   claims may be considered abusive and dismissed under § 1915.  Cato, 70 F.3d at 1105 n.2;

2   Bailey, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a

3   stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive

4   disposition of litigation." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692–93 (9th Cir.

5   2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

6        To assess whether a claim is duplicative, courts use the test for claim preclusion.  "Thus,

7   in assessing whether the second action is duplicative of the first, we examine whether the causes

8   of action and relief sought, as well as the parties or privies to the action, are the same." Adams,

9   487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate

10  actions involving the same subject matter at the same time in the same court and against the same

11  defendant." Id. at 688 (internal quotations and citations omitted).

12       As discussed above, the complaint in McCoy I is nearly identical to the complaint filed in

13  the instant case.   In both cases, Plaintiff raises nearly the same claims, apparently arising out of

14  the same events, involving the same parties, and infringing upon the same rights.  Although

15  Plaintiff was granted an opportunity to demonstrate why this action is not duplicative of McCoy I,

16  he did not respond.  Therefore, the Court finds that this case should be dismissed because it is

17  duplicative of Plaintiff's prior current pending case.

18      **V.**    **Conclusion and Recommendation**

19       Based on the foregoing, the Court HEREBY DIRECTS the Clerk of the Court to

20  randomly assign a district judge to this action.

21       Further, for the reasons stated, the Court HEREBY RECOMMENDS that this action be

22  dismissed as duplicative.

23       These Findings and Recommendation will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

25  **(14) days** after being served with these Findings and Recommendation, the parties may file

26  written objections with the court. The document should be captioned "Objections to Magistrate

27  Judge's Findings and Recommendation." The parties are advised that failure to file objections

28  within the specified time may result in the waiver of the "right to challenge the magistrate's

factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2017**                              /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE